### No. 1200.

### THE STATE OF LOUISIANA EX REL. FRANK A. LEE & CO. VS. ALLEN JUMEL, AUDITOR, AND E. A. BURKE, TREASURER.

An appeal made returnable on appellant's own motion and suggestion, at a time and place other than those provided for by law, will be dismissed by the Court *ex proprio motu.* This rule applies equally in civil cases to the State, or to any of its officers appealing in their official capacities.

APPEAL from the Seventeenth District Court, Parish of East Baton Rouge.    *Sherburne,* J.

---

*Read & Goodale* for Relators and Appellees.

*J. C. Egan,* Attorney General, for Respondents and Appellants.

---

The opinion of the Court was delivered by

POCHÉ, J. · The Auditor has taken this appeal from the judgment of the District Court, compelling him by mandamus to provide for the payment of certain coupons of consolidated bonds of the State, out of moneys now in the treasury to the credit of the interest fund.

Although the appeals from the Parish of East Baton Rouge are by law made returnable at New Orleans on the second Monday of February in each year, this appeal is made returnable at Opelousas on the first Monday of July.    (Act No. 45, Extra Session of 1870.)

The order of appeal was made to conform with appellants' own suggestion, as shown by the following extract of his motion : " Hence, he prays that he, in his official capacity as auditor, be granted a devolutive appeal, returnable on the first Monday of July, 1883, at the meeting of the Supreme Court in Opelousas, St. Landry Parish."   *   *

(Signed) "BUCKNER, Atty."

Now, it is elementary in our practice that when an improper return day is suggested by the appellant, the error is attributable to his own fault, and that his appeal cannot be maintained. Wooton vs. LeBlanc, 32 An. 692. State of Louisiana vs. Charles Clinton, 27 An. 540 ; The Citizens' Bank of Louisiana vs. Board of Liquidation, Ib. 542.

We know of no law, and we have been referred to none, which authorizes a different return day for the appeals in civil cases taken by the auditor or by the State itself, from that provided by law for all other litigants.

The very object of the law maker, in fixing a special place and a particular day for the returns of appeals from every parish in the State, is to obtain regularity and certainty in the disposition of appeals, and to facilitate the administration of justice by the Supreme Court.

The confusion which would follow the practice of allowing appellants to select at their option the time and place of returning their appeals can be easily conceived.

In cases involving great public interests, and with the consent of parties, this Court has frequently sanctioned the transfer, and has disposed of appeals at a time and place different from those fixed by law, but this line of conduct cannot be construed as an approval of the course of appellants, who seek and attempt on their motion, as a matter of right, to make their appeals returnable in a manner different from the mode pointed out by law.

This appeal is, therefore, dismissed at appellants' costs.

Bermudez, C. J., and Todd, J., dissent.